JANVIER, Judge.
Plaintiff, having purchased from defendant an automobile battery, brought this suit against defendant alleging that certain clothes which he wore had been ruined by acid which leaked from the battery because the battery had been placed in an upside down position alongside him on the seat of the taxicab which he used to convey himself and the battery from the store to his residence.
There was judgment in favor of plaintiff for $88.50 and defendant has appealed.
The defendant contends that there are so many strange circumstances about the occurrence that we should not accept the testimony of plaintiff and his witnesses as evidencing the true facts.
We do find certain things quite remarkable. It is very difficult to understand *37 why plaintiff did not notice that the battery was placed alongside him on the seat of the taxicab in an upside down position. He said that he knew nothing about batteries and that therefore he did not know what was the top and what was the bottom.
It is hard to understand why he did not realize that all of the lower portions of his several garments were saturated with acid from the battery until their condition was called to his attention when he reached home.
Furthermore, in spite of the evidence to the contrary, if the acid escaped to the seat of the taxicab and from the seat was absorbed by his garments, we have no doubt that damage to the seat would have been at least as great as was the damage to his garments, and the record shows that no complaint by the owner of the taxicab was made either to him or to defendant.
We consider as significant that plaintiff says that his body was in no way burned by the acid. If it was acid which caused the holes in the several garments, we cannot understand why it did not also affect his own skin. It is true that he says that he bathed as soon as his attention was called to the condition of his garments, but we think that in spite of this bath the acid would have had a serious effect on his skin if he was burned by it.
Then, too, the holes in the various garments, if they were partially caused by acid, were obviously manually enlarged later. This was called to the attention of counsel for plaintiff during the argument and he readily admitted that he himself had cut off some pieces of the garments in order that tests might be made. No evidence of any such tests was produced.
We also note that there is evidence to the effect that if the battery was turned upside down during the 25 minute ride from the store of defendant to plaintiff’s residence, all of the acid would have escaped from the battery, and we think it is shown that if this had happened the battery would have been serviceable only for a very few hours. Yet plaintiff says, that, though the battery was defective and did give trouble, he used it for a few days.
Another circumstance which we cannot overlook is that if the occurrence which plaintiff describes actually took place, he certainly would have reported the matter to defendant almost immediately. He knew on the next day that his clothes had been ruined and he knew that the battery was defective and yet he says that he did not report it to defendant for several days.
All of these circumstances we think throw doubt on the question of whether the occurrences related by plaintiff actually took place. However, in view of the finding below, we cannot say that the judgment was manifestly erroneous.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.